**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the use and benefit of HELIX ELECTRIC, INC., a California corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>SKANSKA USA BUILDING, INC., a corporation; RQ CONSTRUCTION, INC., a corporation; SKANSKA USA BUILDING, INC./RQ CONSTRUCTION, INC., a joint venture; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation; and DOES 1 through 20, inclusive,<br><br>      Defendant(s).<br>_____<br><br>AND ALL RELATED CROSS-ACTIONS | No. 2:06-CV-02080-RRB-KJM<br><br>**ORDER GRANTING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND ENTRY OF A BAR ORDER AT DOCKET 80** |

      At Docket 80 are Third Party Defendants Stedman & Dyson Structural Engineers and Christopher Kamp (collectively "SDSE") with an <u>unopposed</u> Motion for Determination and Good Faith

ORDER RE THIRD PARTY DEFENDANTS'
    MOTION FOR DETERMINATION AND GOOD FAITH SETTLEMENT- 1
2:06-CV-02080-RRB-KJM

Settlement and Entry of a Bar Order.  Having thoroughly reviewed the same, as well as the relevant documents and/or papers attached thereto, the motion at **Docket 80** is hereby **GRANTED**.[1]

Accordingly, **IT IS HEREBY ORDERED** and/or **DECLARED** that:

1. The settlement between SDSE, on the one hand, and Third Party Plaintiff SKANSA USA Building, Inc. / RQ Construction, Inc. ("SRQ"), on the other hand, was reached in good faith and in accordance with §§ 877 and 877.6 of the California Code of Civil Procedure and Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488 (1985);

2. Any and all present claims against SDSE, for indemnity, equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault are hereby **DISMISSED**; and

3. Any claims against SDSE, for indemnity, equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault arising out

---

[1] Inasmuch as the Court concludes SDSE has submitted documents which thoroughly discuss the law and evidence in support of its unopposed position, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).  As a result, the oral argument presently scheduled for **December 5, 2007**, is hereby **VACATED**.

ORDER RE THIRD PARTY DEFENDANTS'
    MOTION FOR DETERMINATION AND GOOD FAITH SETTLEMENT- 2
2:06-CV-02080-RRB-KJM

of, or related to, the transactions or occurrences at issue in this matter are forever **BARRED**.

**ENTERED** this 26th day of November, 2007.

```
                              S/RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE
```

ORDER RE THIRD PARTY DEFENDANTS'
     MOTION FOR DETERMINATION AND GOOD FAITH SETTLEMENT- 3
2:06-CV-02080-RRB-KJM