**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the use and benefit of HELIX ELECTRIC, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>SKANSKA USA BUILDING, INC., a corporation; RQ CONSTRUCTION, INC., a corporation; SKANSKA USA BUILDING, INC./RQ CONSTRUCTION, INC., a joint venture; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation; and DOES 1 through 20, inclusive,<br><br>    Defendant(s).<br>_____<br>AND ALL RELATED CROSS-ACTIONS | No. 2:06-CV-02080-RRB-KJM<br><br>**ORDER GRANTING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND ENTRY OF A BAR ORDER AT DOCKET 58** |

    At Docket 58 are Third-Party Defendants GEM Engineering, Inc. and Michael Akavan (hereinafter collectively referred to as "GEM") with a Motion for Determination of Good Faith Settlement and

ORDER RE THIRD-PARTY DEFENDANTS'
    MOTION FOR DETERMINATION AND GOOD FAITH SETTLEMENT- 1
2:06-CV-02080-RRB-KJM

Entry of a Bar Order. The motion is opposed at Docket 67. Having thoroughly reviewed the pleadings, as well as the various papers and/or declarations relevant thereto, the motion at **Docket 58** is hereby **GRANTED**.[1]

Accordingly, **IT IS HEREBY ORDERED** and/or **DECLARED** that:

1. The settlement between SRQ and GEM, Shadpour and MA Engineers was reached in good faith and in accordance with §§ 877 and 877.6 of the California Code of Civil Procedure and Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488 (1985);

2. Any and all present claims against GEM, Shadpour and MA Engineers for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault are hereby **DISMISSED**; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Inasmuch as the Court concludes the parties have submitted documents which thoroughly discuss the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

ORDER RE THIRD-PARTY DEFENDANTS'
    MOTION FOR DETERMINATION AND GOOD FAITH SETTLEMENT- 2
2:06-CV-02080-RRB-KJM

3. Any claims against GEM, Shadpour and MA Engineers for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault arising out of, or related to, the transactions or occurrences at issue in this matter are forever **BARRED**.

**ENTERED** this 10th day of December, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

ORDER RE THIRD-PARTY DEFENDANTS'
    MOTION FOR DETERMINATION AND GOOD FAITH SETTLEMENT- 3
2:06-CV-02080-RRB-KJM